IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

BRANDON MARQUIS PUGH,       )
#254 312,                          )
      Plaintiff,              )
                               )
     v.                    )   CIVIL ACTION NO. 2:13-CV-509-TMH
                               )            [WO]
MARY B. WINDOM, *et al*.,     )
                               )
     Defendants.          )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, a state inmate proceeding *pro se*, files this 42 U.S.C. § 1983 action against the Honorable Mary Windom, Assistant Alabama Attorney General Stephen Dodd, and Alabama Attorney General Luther Strange. Plaintiff complains that Defendants violated his constitutional rights during litigation proceedings before the Alabama state courts. He seeks damages and his release from prison. Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

# I.  DISCUSSION

*A.  Judge Windom*

To the extent Plaintiff seeks to challenge actions taken by Judge Windom in her judicial capacity during state appellate court proceedings over which she had jurisdiction, such claims are due to be dismissed.  The law is well established that a state judge is absolutely immune from civil liability for acts taken pursuant to her judicial authority. *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978).  Judges, whether presiding at the state or federal level, are clearly among those officials who are entitled to such immunity and the law is well-settled that the doctrine of judicial immunity is applicable to actions filed under 42 U.S.C. § 1983.  *Id*.  Because it is a benefit to the public at large, "whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences," *Pierson v.  Ray*, 386 U.S. 547, 554 (1967), absolute immunity is necessary so that judges can perform their functions without harassment or intimidation.  "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.' " *Mireles v.  Waco*, 502 U.S. 9, 10 (1991), quoting *Bradley v.  Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872).

In determining whether a particular judge is immune, inquiry must be made into whether the challenged action was "judicial," and whether at the time the challenged action was taken, the judge had subject matter jurisdiction. *See Stump*, 435 U.S. at 356. Unless it can be shown that a judge acted in the "clear absence of all jurisdiction," absolute immunity exists even when the alleged conduct is erroneous, malicious, or in excess of judicial authority. *Id*. at 356-57.

A review of Plaintiff's allegations against Judge Windom in the complaint does not compel the conclusion that she acted in clear absence of jurisdiction. Rather, Plaintiff's lawsuit is exactly the type of action that the *Pierson*, *supra*, Court, recognized as necessitating the doctrine of judicial immunity. In disagreement with the decisions reached at the state court level, this *pro se* litigant has turned to this forum to assert allegations of unconstitutional acts against a state appellate court judge. Because judicial immunity precludes Plaintiff's recovery of damages against Judge Windom, dismissal of his claims against this Defendant is appropriate under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Notwithstanding the doctrine of judicial immunity, the court finds that to the extent Plaintiff files this complaint seeking to appeal and overturn decisions made by a judge of an Alabama state court, this court does not have the authority to review final judgments of state courts in judicial proceedings. Rather, such review may be had only in the United

States Supreme Court.  28 U.S.C. § 1257.  Under the *Rooker-Feldman* doctrine,[2] a determination must be made as to whether a plaintiff's suit seeks constitutional review of a rule or statute that was relied upon by the state court or, instead, contends that the state court committed a constitutional error in arriving at its decision.  *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983); *Brown & Root, Inc., v. Breckenridge*, No. 99 Civ. 1831, slip op. at 4-5 (4th Cir. May 2, 2000). A district court has jurisdiction to hear suits concerning the former but not the latter. *Id*. The court finds that the instant case falls within the second category.

Here, Plaintiff's  allegations of constitutional violations are directed solely at perceived error by a  state court  in reaching its decisions in which Plaintiff is a party.  Such constitutional claims are obviously "inextricably intertwined" with the state court decisions in a judicial proceeding.  A federal court has no jurisdiction or right to grant relief under 42 U.S.C. § 1983 with respect to challenges  to state court decisions in particular cases arising out of state judicial proceedings, even if those challenges allege that the court's action was unconstitutional. *Feldman*, 460 U.S. at 486-87; *Datz v. Kilgore*, 51 F.3d 252 (11th Cir. 1995) (finding that a § 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment);  *see also cf. Berman v. Florida Board of Bar Examiners*, 794 F.2d 1529 (11th Cir. 1986);  *Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir.

---

[2]The Supreme Court held in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) ("the *Rooker-Feldman* doctrine"), that a United States District Court has no authority to review final judgments of a state court in judicial proceedings, except for general constitutional challenges and reviews pursuant to an application for a writ of habeas corpus. The United States Supreme Court is the only Court that may review a state court's judicial decisions.  28 U.S.C. § 1257(a).

4

1988).  Likewise, a 42 U.S.C. § 1983 action may not be used to compel a state court to take

a particular course of action because this court has no authority to issue a writ directing state

courts or their judicial officers in the performance of their duties. *Lamar v. 118 Judicial Dist.*

*Court of Texas*, 440 F.2d 383, 384 (5th Cir. 1971);  *Haggard v. State of Tennessee*, 421 F.2d

1384, 1386 (6th Cir.1970);  *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586,

587 (4th Cir. 1969).

   "[O]nce a case is litigated in state court, a federal district court does not have

jurisdiction to review it."  *Schmitt v. Schmitt*, 324 F.3d 484, 486 (7th Cir. 2003).[3]  While

Plaintiff may couch his complaint in terms of a constitutional violation, the essence of his

complaint concerns adverse rulings he received in state court post-conviction matters. These

claims are "inextricably intertwined with the merits of . . . state-court judgment[s]," because

his federal claims succeed "only to the extent that the state court[s] wrongly decided the

issues before [them]."  *Hill v. Town of Conway*, 193 F.3d 33, 39 (1st Cir. 1999).  "Where

federal relief can only be predicated upon a conviction that the state court was wrong, it is

difficult to conceive the federal proceedings as, in substance, anything other than a prohibited

appeal of the state-court judgment."  *Id*.

---

[3]The *Schmitt* court held:

   We have interpreted *Rooker-Feldman* to ask whether the federal plaintiff seeks to set aside a state
   court judgment or whether he is, in fact, presenting an independent claim.  Put another way, if the
   injury which the federal plaintiff alleges resulted from the state court judgment itself, then *Rooker-
   Feldman* controls, and the lower federal courts lack jurisdiction over the claim.  It does not matter
   that the state court judgment might be erroneous or even unconstitutional.

*Schmitt*, 324 F.3d at 486.

In light of the foregoing, the court concludes that dismissal of Plaintiff's request for injunctive and/or declaratory relief with respect to actions undertaken by Judge Windom during matters related to Plaintiff's appellate state court proceedings is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke*, 490 U.S. 319.

*B. Defendants Dodd and Strange*

To the extent Plaintiff challenges Defendants Dodd's and Strange's conduct in matters associated with Plaintiff's post-conviction criminal challenges, he is entitled to no relief. "A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). The prosecutorial function includes the initiation and pursuit of criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976), and all appearances before the court, including examining witnesses and presenting evidence. *See Burns v. Reed*, 500 U.S. 478, 492 (1991)." *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002); *see also Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998). This immunity is applicable even where the prosecutor acts "maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986); *accord*, *Prince v. Wallace*, 568 F.2d 1176, 1178-79 (5th Cir. 1978).

> [A]bsolute immunity is an entitlement to be free from suit for money damages.... [T]he purpose of the immunity is to shield officials from the

6

> distractions of litigation arising from the performance of their official functions. To fulfill its purpose, official immunity protects government officials not only from having to stand trial, but also from having to bear the other burdens attendant to litigation, including pretrial discovery.... In *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the Supreme Court held that a prosecutor is absolutely immune from civil suit for damages under section 1983 for actions taken "in initiating a prosecution and in presenting the State's case." *Id.* at 431, 96 S.Ct. at 995.

*Marx v. Gumbinner*, 855 F.2d. 783, 788-89 (11th Cir. 1988).

The actions about which Plaintiff complains with respect to Defendant Dodd and Strange arise from these defendants' roles "as[] 'advocate[s]' for the state" and such actions are "intimately associated with the judicial phase of the criminal process." *Mastroianni*, 60 F.3d at 676. (citations omitted). Defendants Dodd and Strange are, therefore, "entitled to absolute immunity for that conduct." *Id.* Moreover, as previously determined, Plaintiff is entitled to no declaratory or injunctive relief in this § 1983 complaint for any adverse action taken during the state post-conviction proceedings related to his conviction under which he is currently incarcerated. *See also Newman v. Alabama*, 683 F.2d 1312 (11th Cir. 1982). Thus, Plaintiff's complaint against Defendants Dodd and Strange is due to be dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

## C. The Challenge to Plaintiff's Confinement

To the extent Plaintiff seeks to attack the validity of his current incarceration as a result of the revocation of his probation, such claims may not go forward in this § 1983 action. Plaintiff's claims go to the fundamental legality of his confinement, and,

consequently, provide no basis for relief at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the [order requiring such confinement] is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. The Court emphasized that "habeas corpus is the exclusive remedy for a [confined individual] who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. *Id*. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court further concluded that an inmate's "claim[s] for declaratory [and injunctive] relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 . . ." unless the inmate can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such

8

as necessarily to imply the invalidity of the judgment." *Id.* at 645.  The Court reiterated the position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of his confinement is a petition for writ of habeas corpus. *Id*.  Additionally, the Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

The principles espoused in *Heck* and *Balisok* apply to revocations and denials of probation and/or parole.  *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995) (revocation of probation); *Littles v. Board of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir.1995) (revocation of parole).  Plaintiff has not shown that the probation revocation decision he challenges has been invalidated in an appropriate civil action.  Consequently, the instant collateral attack on matters associated with Plaintiff's challenges to the  revocation of his probation  is prohibited by *Heck* and *Balisok*.  Based on the foregoing, the court concludes that Plaintiff presently has no cause of action under § 1983 with respect to a claim challenging the validity of matters challenging his parole revocation  as habeas corpus is the exclusive remedy for a state prisoner who challenges the validity of the fact or duration of his confinement.  *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser*, 411 U.S. at 488-490. This claim, therefore, is due to be dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.     The § 1983 claims presented against Defendants Windom, Dodd, and Strange be DISMISSED with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) & (iii);

2.  Plaintiff's challenges to the constitutionality of his probation revocation and/or the conviction and sentence imposed upon him by a state court be DISMISSED without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not properly before the court at this time;

3.     This case be DISMISSED prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

It is further

ORDERED that **on or before October 22, 2013** Plaintiff may file an objection to the Recommendation. Any objection filed must clearly identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.  Plaintiff is  advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual

findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 7th day of October 2013.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE